UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Brandy Lee Vandenberg<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | Civil Action No. 3:26-cv-00249 |
| City of Galveston, Texas, et al.<br>Defendants. | §<br>§<br>§ | |

DEFENDANTS' PARTIAL MOTION TO DISMISS

Defendants City of Galveston, Texas, Sergeant Liam Beaumont, and Officer Cesar Zamora move the Court, through FED. R. CIV. P. 12(b)(6), to dismiss all claims asserted in Counts III, V, VI, VII, and VIII[1] of Plaintiff's complaint.

[1] Plaintiffs identify as a second Count VI their eighth claim category, which are state law claims against the individual defendants.

186009355.2

# TABLE OF CONTENTS


TABLE OF CONTENTS ........ ii

TABLE OF AUTHORITIES ........ iv

NATURE AND STAGE OF THE PROCEEDING ........ 1

ISSUES ........ 1

SUMMARY OF THE ARGUMENT ........ 1

PLAINTIFF'S PLEADING ALLEGATIONS ........ 2

ARGUMENT AND AUTHORITIES ........ 4

I. Plaintiff fails to allege facts which show a claim against Officer Zamora of failure to intervene to prevent a constitutional deprivation under the First or Fourth Amendment. ........ 4

A. Plaintiff has not alleged facts which state a claim against Officer Zamora under the First or Fourth Amendment based on Plaintiff's arrest or prosecution. ........ 4

B. Plaintiff has not alleged facts which state a claim against Officer Zamora based on force Sergeant Beaumont used. ........ 5

II. Plaintiff fails to allege facts which show Officer Zamora or Sergeant Beaumont were deliberately indifferent to Plaintiff's serious medical needs. ........ 7

III. Plaintiff fails to allege facts which show any claim under the First Amendment. ........ 9

IV. Plaintiff fails to allege facts that overcome qualified immunity. ........ 10

A. Plaintiff has not alleged facts which state any claim against Officer Zamora that overcomes immunity. ........ 12

B. Plaintiff has not alleged facts which state a claim against Sergeant Beaument under the First or Fourteenth Amendment that overcomes immunity. ........ 12

V. Plaintiff fails to allege facts showing a municipal liability claim. ........ 13

A. Plaintiff fails to allege facts showing an official policy. ........ 13

1. Plaintiff fails to allege facts showing sufficiently numerous prior instances. ........ 15

2. Plaintiff fails to allege facts showing prior instances that are similar to the one forming the basis of this lawsuit. ........ 19

B. Plaintiff fails to allege facts showing an official policy through the rare single-incident scenario. ........ 24

C. Plaintiff fails to allege facts showing an official policy under a ratification theory. 24

D. Plaintiff fails to allege facts showing a failure to train claim. 25

E. Plaintiff fails to allege facts showing a City Policy that was the moving force that directly caused a deprivation of Plaintiff's rights. 26

VI. Plaintiff's state law claims fail as a matter of law. 27

CONCLUSION AND PRAYER 28

TABLE OF AUTHORITIES

**Federal Cases**

*Argueta v. City of Galveston*,
2022 WL 17549790 (S.D. Tex. 2022) ........................................................ 17

*Armstrong v. Ashley*,
60 F.4th 262 (5th Cir. 2023) ........................................................ 4, 18

*Ashcroft v. Al-Kidd*,
563 U.S. 731-35 (2011) ........................................................ 11

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................................ 10

*Babb v. Dorman*,
33 F.3d 472 (5th Cir. 1994) ........................................................ 10

*Backe v. City of Galveston, Tex.*,
2 F. Supp. 3d 988 (S.D. Tex. 2014) ........................................................ 15, 18, 20

*Backe v. LeBlanc*,
691 F.3d 645 (5th Cir. 2012) ........................................................ 10, 12, 16, 19, 20, 21

*Batyukova v. Doege*,
994 F.3d 717 (5th Cir. 2021) ........................................................ 9

*Benfer v. City of Baytown, Tex.*,
120 F.4th 1272 (5th Cir. 2024) ........................................................ 23

*Butz v. Economou*,
438 U.S. 478 (1978) ........................................................ 11

*City of St. Louis v. Praprotnik*,
485 U.S. 112 (1988) ........................................................ 14

*Connick v. Thompson*,
563 U.S. 51 (2011) ........................................................ 25, 26

*Covarrubias v. Wallace*,
612 Fed. Appx. 701 (5th Cir. May 11, 2015) ........................................................ 7

*Davidson v. City of Stafford, Tex.*,
848 F.3d 384 (5th Cir. 2017) ........................................................ 24

*Estate of Joseph v. Bartlett*,
981 F.3d 319 (5th Cir. 2020)....................6

*Fraire v. City of Arlington*,
957 F.2d 1268 (5th Cir. 1992)....................9, 27

*Fuentes v. Nueces Cnty., Tex.*,
689 Fed. Appx. 775 (5th Cir. 2017)....................23

*Gagne v. City of Galveston*,
805 F.2d 558 (5th Cir. 1986)....................9

*Graham v. Connor*,
490 U.S. 386 (1989)....................9

*Groh v. Ramirez*,
540 U.S. 551 (2004) (Kennedy, J., dissenting)....................11

*Hale v. Townley*,
45 F.3d 914 (5th Cir. 1995)....................6

*Hart v. O'Brien*,
127 F.3d 424 (5th Cir. 1997)....................11

*Hicks-Fields v. Harris Cnty., Tex.*,
860 F.3d 803 (5th Cir. 2017)....................20

*Hinson v. Martin*,
853 Fed. Appx. 926 (5th Cir. 2021)....................10

*Hunter v. Bryant*,
502 U.S. 224 (1991) (per curiam)....................12

*Jackson v. Hearne*,
959 F.3d 194 (5th Cir. 2020)....................11

*James v. Harris County*,
577 F.3d 612 (5th Cir. 2009)....................27

*Lee v. Lawrence*,
No. CIVIL ACTION 23-1229-SDD-SDJ, 2026 WL 2350404 (M.D. La. Aug. 13, 2026)....................7

*Lewis v. Delgado*,
163 F.4th 926 (5th Cir. 2026)....................8, 11, 13

*Liggins v. Duncanville*,
52 F.4th 953 (5th Cir. 2022) ....................26, 27

*Lubbe v. Milanovich*,
2019 WL 13460015 (W.D. Tex. Aug. 30, 2019) .................... 17

*Martinez v. Maverick Cnty.*,
507 Fed. Appx. 446 (5th Cir. 2013)....................9

*McClendon v. City of Columbia*,
305 F.3d 314 (5th Cir. 2002).................... 12

*McConney v. City of Houston*,
863 F.2d 1180 (5th Cir. 1989) .................... 14

*Estate of Davis ex rel. McCully v. City of N. Richland Hills*,
406 F.3d 375 (5th Cir. 2005) .................... 21, 22

*Meadours v. Ermel*,
483 F.3d 417 (5th Cir. 2007)....................5

*Mendoza v. Lynaugh*,
989 F.2d 191 (5th Cir. 1985).................... 9, 13

*Miller v. City of Tex. City, Tex.*,
No. 3:18-CV-00284, 2020 WL 8970584 (S.D. Tex. Jan. 24, 2020)
(Brown, J.), aff'd in part, rev'd in part ....................6

*Miller v. Dricks*,
840 Fed. Appx. 799 (5th Cir. 2021) ....................6

*Morrow v. Meachum*,
917 F.3d 870 (5th Cir. 2019).................... 11

*Muttathottil v. Gordon H. Mansfield*,
381 Fed. Appx. 454 (5th Cir. 2010).................... 17

*Nieves v. Bartlett*,
587 U.S. 391 (2019) ....................10

*Norman v. Ingle*,
151 F.4th 707 (5th Cir. 2025) ....................7

*Pearson v. Callahan*,
555 U.S. 223 (2009) .................... 11

*Perdomo v. City of League City*,
765 F. Supp. 3d 613 (S.D. Tex. 2025) (Brown, J) ....................7

*Perdomo v. City of League City, Tex.*,
163 F.4th 921 (5th Cir. 2026) .................... 7, 8, 11, 13

*Peterson v. City of Fort Worth, Tex.*,
588 F.3d 838 (5th Cir. 2009) .................... 13, 15, 18, 19, 20, 24

*Pineda v. City of Houston*,
291 F.3d 325 (5th Cir. 2002) .................... 18, 27

*Piotrowski v. City of Houston*,
237 F.3d 567(5th Cir. 2001) .................... 13, 26, 27

*Plumhoff v. Rickard*,
572 U.S. 765 (2014) .................... 12

*PNC Bank, Nat'l Ass'n v. 2013 Travis Oak Creek, L.P.*,
136 F.4th 568 (5th Cir. 2025) .................... 17

*Powell v. City of Houston*,
2025 WL 1635501 (S.D. Tex. June 6, 2025) (Rosenthal, J.) .................... 16, 17, 21

*Price v. Elder*,
175 F. Supp. 3d 676 (N.D. Miss. 2016) .................... 9, 10

*Rebmann v. City of Galveston*,
No. 3:24-CV-00155, 2024 WL 4753948 (S.D. Tex. Nov. 12, 2024) ....... 16, 19, 21

*Reichle v. Howards*,
566 U.S. 658 (2012) .................... 12

*Roberts v. City of Shreveport*,
397 F.3d 287 (5th Cir. 2005) .................... 25

*Rogers v. Hall*,
46 F.4th 308 (5th Cir. 2022) .................... 12

*Saenz v. City of El Paso*,
637 Fed. Appx. 828 (5th Cir. 2016) .................... 18

*Sanchez v. Young Cnty., Tex.*,
956 F.3d 785 (5th Cir. 2020) .................... 15

*Saucier v. Katz*,
533 U.S. 194 (2001) .......... 12

*Schultea v. Wood*,
47 F.3d 1427 (5th Cir. 1995) (En Banc) .......... 10

*Sims v. Griffin*,
35 F.4th 945 (5th Cir. 2022), aff'd sub nom .......... 7

*Smith v. Heap*,
31 F.4th 905 (5th Cir. 2022) .......... 27

*Snyder v. Trepagnier*,
142 F.3d 791 (5th Cir. 1998) .......... 26

*Solis v. Serrett*,
31 F.4th 975 (5th Cir. 2022) .......... 5

*Taylor v. Charter Med. Corp.*,
162 F.3d 827 (5th Cir. 1998) .......... 17

*Taylor v. Riojas*,
141 S. Ct. 52 (2020) .......... 5

*Templeton v. Jarmillo*,
28 F.4th 618 (5th Cir. 2022) .......... 11, 12

*Turner v. Upton County*,
915 F.2d 133 (5th Cir. 1990) .......... 14

*Verastique v. City of Dallas, Tex.*,
106 F.4th 427 (5th Cir. 2024*)* .......... 14, 20, 21, 22, 23

*Webb v. Town of Saint Joseph*,
925 F.3d 209 (5th Cir. 2019) .......... 13, 14, 24, 26

*York v. Welch*,
2024 WL 775179 (5th Cir. Feb. 26, 2024) .......... 19, 26

*Zantiz v. Seal*,
602 F. App'x 154 (5th Cir. 2015) .......... 6

*Zarnow v. City of Wichita Falls Tex.*,
614 F.3d 161 (5th Cir. 2010) .......... 25

## State Cases

*City of San Antonio v. Ytuarte*,
229 S.W.3d 318 (Tex. 2007)........................................................... 11

*City of Watauga v. Gordon*,
434 S.W.3d 586 (Tex. 2014)...........................................................27

*Donohue v. Dominguez*,
486 S.W.3d 50 (Tex. App.—San Antonio 2016, pet. for review denied) ...........................................................27

*Franka v. Velasquez*,
332 S.W.3d 367 (Tex. 2011) ...........................................................27

*Garza v. Harrison*,
574 S.W.3d 389 (Tex. 2019)...........................................................27

*Lancaster v. Chambers*,
883 S.W.2d 650 (1994) ........................................................... 11

*Neuman v. Obersteller*,
960 S.W.2d 621 (Tex. 1997) ...........................................................27

## Constitutions

First Amendment........................................................... 1, 9, 10, 12, 28

Fourth Amendment...........................................................1, 4, 5, 9, 10, 12

Fourteenth Amendment...........................................................1, 9, 12, 13, 28

## Statutes

42 U.S.C. § 1983...........................................................1, 13, 14, 24

TEX. CIV. PRAC. & REM. CODE § 101.106...........................................................27

TEX. CIV. PRAC. & REM. CODE § 101.106(f)...........................................................27

Texas Tort Claims Act...........................................................2, 27

## Court Rules

FED. R. CIV. P. 10...........................................................17, 18

FED. R. CIV. P. 12(b)(6) ...........................................................i

FED. R. EVID. 201 .......................................................................................... 17

## NATURE AND STAGE OF THE PROCEEDING

1. Plaintiff sued the City of Galveston and two Galveston police officers under 42 U.S.C. §1983. Defendants move for partial dismissal of Plaintiff's claims described herein for failure to allege facts which state a claim.

## ISSUES

2. Whether Plaintiff has stated a claim for relief against Officer Zamora that overcomes qualified immunity on a retaliation claim under the First Amendment.

3. Whether Plaintiff has stated a claim for relief against Officer Zamora that overcomes qualified immunity on a failure to intervene to prevent use of excessive force theory of liability under the Fourth Amendment.

4. Whether Plaintiff has stated a claim for relief against Officer Zamora or Sergeant Beaumont that overcomes qualified immunity on a claim of deliberate indifference to medical needs under the Fourteenth Amendment.

5. Whether Plaintiff has stated a claim for relief against the City of Galveston.

6. Whether Plaintiff has stated a claim for relief under Texas law against Officer Zamora or Sergeant Beaumont that overcomes Texas statutory official immunity.

## SUMMARY OF THE ARGUMENT

7. The Fifth Circuit has specifically rejected Plaintiff's Fourteenth Amendment deliberate indifference of medical needs claim based on a hypothetical "risk" of injury without facts which show each defendant was individually aware of such *potential* "risk" of hypothetical injury. The Fifth Circuit has never recognized a First Amendment retaliation claim based on a retaliatory use of force and

Plaintiff's denial of medical care claim fares no better as Plaintiff fails to allege facts which show the denial of care actually caused some *additional* harm beyond the physical injuries Plaintiff attributes to the use of excessive force. Plaintiff's rote municipal liability claim fails against the City as they have in the separate litigation which Plaintiff cites and relies in an attempt to bolster her bare pleading assertions of municipal liability. Plaintiff's "alternative" claims under Texas law further fail to state a claim and are barred by the Texas Tort Claims Act.

PLAINTIFF'S PLEADING ALLEGATIONS

1. On July 19, 2025, Plaintiff was with a Companion at the Holiday Inn Resort in Galveston and Plaintiff attended to a lost child in a hotel hallway.[2] Plaintiff claims she was unaware that Sergeant Beaumont was a police officer and Plaintiff refused to give Sergeant Beaumont custody of the child.[3] Plaintiff concedes she had some level of intoxication, but asserts she was not otherwise stumbling, falling, or presenting a risk of self-harm or harm to others. [4]Sergeant Beaumont arrested Plaintiff for public intoxication.[5] After Sergeant Beaumont arrested Plaintiff, Officer Zamora arrived and was present when Sergeant Beaumont escorted Plaintiff toward the elevator.[6]

[2] ECF No. 1 at ¶¶15-18.

[3] *Id.* at ¶19-27.

[4] *Id.* at ¶27.

[5] *Id.* at ¶25.

[6] *Id.* at ¶28.

2. Upset at Sergeant Beaumont, Plaintiff told Officer Beaumont, “go ahead and hurt me,” and Sergeant Beaumont executed a takedown of Plaintiff causing Plaintiff injuries.[7] Sergeant Beaumont radioed emergency medical services and informed EMS that Plaintiff had a head injury.[8] Plaintiff claims she was rendered unconscious from the takedown.[9] Several medical journals and articles authored by medical doctors or medical associations have opined that a “risk” is present when mobilizing a patient with an unknown spinal injury before first securing the patient’s cervical spine with specialized stabilization equipment, but Plaintiff fails to allege facts which show Sergeant Beaumont or Officer Zamora had studied these medical academic journals which Plaintiffs cite.[10] Sergeant Beaumont and Officer Zamora moved the unconscious Plaintiff into the elevator and to the hotel’s ground floor to wait arrival of EMS and without using any force.[11]

8. While waiting for EMS, Plaintiff regained consciousness and asked Sergeant Beaumont, “why are you squeezing me so hard?” when Sergeant Beaumont struck Plaintiff in the face one time as Officer Zamora stood nearby, but no facts which identify whether Officer Zamora could appreciably predict the single punch before it occurred much less stop the single strike midair.[12]

---

[7] ECF No. 1 at ¶¶29-33.

[8] *Id*. at ¶34-35.

[9] *Id*. at ¶36

[10] *Id*. at ¶35

[11] *Id* ¶¶35-37.

[12] *Id*. at ¶40.

9. On September 19, 2025, felony arrest warrants for two counts of assault on a peace officer were issued against Plaintiff.[13] The warrants were supported by Sergeant Beaumont's affidavit documenting the incident forming the basis of this lawsuit.[14] A grand jury no-billed both charges.[15] Plaintiff claims that over the last 18 years a few accusations have been made that law enforcement officers other than Sergeant Beaumont or Officer Zamora used excessive force.[16]

ARGUMENT AND AUTHORITIES

## I. Plaintiff fails to allege facts which show a claim against Officer Zamora of failure to intervene to prevent a constitutional deprivation under the First or Fourth Amendment.

10. A failure to intervene claim[17] requires facts which show the Defendant officer "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) is present at the scene of the constitutional violation; (3) has a reasonable opportunity to prevent the harm; and (4) chooses not to act." *Armstrong v. Ashley*, 60 F.4th 262, 280 (5th Cir. 2023).

### A. Plaintiff has not alleged facts which state a claim against Officer Zamora under the First or Fourth Amendment based on Plaintiff's arrest or prosecution.

11. Sergeant "Beaumont caused the institution and continuation of felony

---

[13] ECF No. 1 at ¶63.

[14] *Id.*

[15] *Id.* at ¶67.

[16] *Id.* at ¶¶ 142-148.

[17] Courts refer to this claim interchangeably as a "failure to intervene" or "bystander claim" but rely on the same elements in *Ashley*, 60 F.4th at 280.

criminal proceedings against Plaintiff…" [ECF 1, ¶ 126, 5]. And Sergeant arrested Plaintiff before Officer Zamora encountered the Plaintiff. [ECF 1, ¶¶ 1, 18-28]. The Court must construe the lawfulness of each individual defendant separately. See *Taylor v. Riojas*, 141 S. Ct. 52, 54 (2020); *Solis v. Serrett*, 31 F.4th 975, 981 (5th Cir. 2022); *Meadours v. Ermel*, 483 F.3d 417, 421-22 (5th Cir. 2007). Plaintiff has not alleged facts which show any plausible claim against Officer Zamore under the First or Fourth Amendment Based on Plaintiff's arrest or prosecution.

### B. Plaintiff has not alleged facts which state a claim against Officer Zamora based on force Sergeant Beaumont used.

12. Plaintiff asserts two instances of claimed excessive: (1) "[t]he takedown" which occurred when Sergeant Beaumont "executed a forceful takedown maneuver that drove Plaintiff…face-first into the concrete floor beside the elevators;[18]" and (2) the "closed-fist strike" which occurred when Sergeant Beaumont struck Plaintiff in the face a single time with a closed first.[19]

13. Plaintiff fails to allege facts which show that Officer Zamora had a reasonable opportunity to prevent the harm and choose not to act in either instance of force Sergeant Beaumont used. Plaintiff merely alleges that Officer Zamora was nearby[20] when Sergeant Beaumont used force, which is not sufficient to state a claim for relief.

---

[18] ECF No. 1 at Sec. IV (C).

[19] *Id* at Sec. IV (D)

[20] *Id*. at ¶¶ 117-118.

14. The "mere presence in the vicinity of the [purported] violation" is not sufficient to plead a bystander theory of liability. *Joseph on behalf of Estate of Joseph v. Bartlett*, 981 F.3d 319, 343 (5th Cir. 2020). The "question of timing is material as to whether [officer Zamora] had a reasonable opportunity to prevent [the excessive force]." *Zantiz v. Seal*, 602 F. App'x 154, 162 (5th Cir. 2015). In similar instances, this Court has held the officer lacked sufficient time to intervene and prevent the use of excessive force. *See, Miller v. City of Tex. City, Tex.*, No. 3:18-CV-00284, 2020 WL 8970584, at *1 (S.D. Tex. Jan. 24, 2020) (Brown, J.), aff'd in part, rev'd in part and remanded sub nom. *Miller v. Dricks*, 840 Fed. Appx. 799 (5th Cir. 2021) (No time to intervene during immediate takedown, taser, and physical force used to detain the suspect within a matter of seconds once suspect exited his vehicle after a pursuit).

15. First, as to the "takedown," Plaintiff alleges that Officer Zamora "joined Beaumont as [Beaumont] began to escort the handcuffed Plaintiff toward the elevators" when Sergeant Beaumont "immediately executed a forceful takedown maneuver" on the Plaintiff.[21] Fatal to her claim, Plaintiff alleges no facts which even remotely suggest Officer Zamora had a "reasonable opportunity to realize the excessive nature of the force and to intervene to stop it." which is entirely unlikely given the nature of the "immediate" takedown Plaintiff alleges occurred. *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995).

---

[21] Id at ¶¶28, 31-32.

16. "There is no bystander claim when the incident unfolds so quickly that officers could not have practically intervened." *Lee v. Lawrence*, No. CIVIL ACTION 23-1229-SDD-SDJ, 2026 WL 2350404, at *23 (M.D. La. Aug. 13, 2026) (citing *Covarrubias v. Wallace*, 612 Fed. Appx. 701, p. 702 (5th Cir. May 11, 2015)). Even less so for the "closed fist strike," the second instance of force made the basis of Plaintiff's failure to intervene claim. *See Norman v. Ingle*, 151 F.4th 707, 713–14 (5th Cir. 2025) (finding officer did not have reasonable opportunity to intervene in punching incident that occurred over six seconds).

## II. Plaintiff fails to allege facts which show Officer Zamora or Sergeant Beaumont were deliberately indifferent to Plaintiff's serious medical needs.

17. "To properly state such a claim, [Plaintiff] must allege facts showing that officers acted with deliberate indifference to [her] medical needs." *Perdomo v. City of League City, Tex.*, 163 F.4th 921, 925 (5th Cir. 2026). "Showing deliberate indifference entails alleging that (1) an official was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and (2) the official actually drew that inference." *Id.* To state a claim, Plaintiff's allegations "must include facts that the officers 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Perdomo v. City of League City*, 765 F. Supp. 3d 613, 621 (S.D. Tex. 2025) (Brown, J) (citing *Sims v. Griffin*, 35 F.4th 945, 951 (5th Cir. 2022), aff'd sub nom. *Perdomo, Tex.*, 163 F.4th at 921.

18. But no such facts are alleged here. Plaintiff alleges Sergeant Beaumont radioed for EMS after the "takedown," cited as the first instance of force foreclosing this claim before it starts.[22] The officers did not delay in requesting emergency medical professionals to the hotel.

19. Plaintiff seems to assert that the act of moving the Plaintiff after the "takedown" could have *potentially* resulted in a "risk" of "converting a survivable injury into permanent paralysis or death," but that is not enough even if facts suggested either officer knew of this potential "risk" derived from medical academic journals Plaintiff cites and asks this Court to assume the officers studied.[23] But aside from describing the source of the medical information, the same conclusory assertions failed in *Perdomo*, when Perdomo alleged "while awaiting the ambulance, the Officers did move Perdomo a few feet, which supposedly risked aggravating Perdomo's head injury. [Other] than conclusory allegations that these risks were "obvious," Perdomo [like Plaintiff here] alleges no specific facts indicating that the Officers were aware of these risks" fatal to this claim. *Perdomo*, 163 F.4th at 926. At best, Plaintiff cites to the City police department policy which merely provided guidance that officers not move "persons who are unconscious, who have serious injuries or who may be seriously ill" but completely omit the potential "risk" of "converting a survivable injury into

[22] ECF No. 1 at ¶34.

[23] Id at ¶35.

permanent paralysis or death" that Plaintiff makes the basis of this claim.[24] Moreover, this police department policy cannot constitutionalize the conduct that exceeds 14th Amendment standards. *See Fraire v. City of Arlington*, 957 F.2d 1268, 1275-81 (5th Cir. 1992); *Gagne v. City of Galveston*, 805 F.2d 558, 560 (5th Cir. 1986). And to state a claim under the 14th Amendment, Plaintiff must allege further facts which plausibly show "the existence of any additional harm beyond her original injury occasioned by the [officer's] alleged failure to provide or summon medical help immediately." *See Martinez v. Maverick Cnty.,* 507 Fed. Appx. 446, 448 (5th Cir. 2013) (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1985)). Plaintiff does not allege facts which show Plaintiff suffered additional harm by being moved to speed up access to medical care.

## III. Plaintiff fails to allege facts which show any claim under the First Amendment.

20. The Fifth Circuit has recognized "some uncertainty as to whether *Graham v. Connor*, 490 U.S. 386 (1989), precludes a First Amendment retaliation claim based on an officer's use of excessive force during a seizure." *Batyukova v. Doege*, 994 F.3d 717, 730 (5th Cir. 2021). "Multiple lower federal courts... have extended *Graham* to preclude First Amendment claims based on alleged excessive force employed during an arrest." *Price v. Elder,* 175 F. Supp. 3d 676, 679 (N.D. Miss. 2016) (collecting cases). "Where, as here, the excessive force claim arises in the context of an arrest of a free citizen, it is most properly characterized as one

[24] ECF No. 1 at ¶¶34-39.

invoking the protections of the Fourth Amendment." *Graham*, 490 U.S. at 394 (cleaned up). In other words, the analysis "begins, [and ends,] with the relatively simple point that [Plaintiff's] claims are properly characterized as arising under the Fourth Amendment, not the [First] Amendment." *Hinson v. Martin*, 853 Fed. Appx. 926, 930 (5th Cir. 2021). Accordingly, Plaintiff's "First Amendment retaliation claims must be dismissed." *See Price*, 175 F. Supp. 3d at 678-79.

21. Regardless, assuming Plaintiff alleged facts implicating the First Amendment, a claim fails because, "[t]he plaintiff must [allege facts which] show that the retaliation was a substantial or motivating factor behind the [excessive force or arrest]," facts Plaintiff fails to allege. *See Nieves v. Bartlett,* 587 U.S. 391, 404 (2019). Plaintiff's "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and this claim fails for that reason. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**IV. Plaintiff fails to allege facts that overcome qualified immunity.**

22. To state a claim that overcomes qualified immunity, Plaintiff is required to "plead more than conclusions" and allege facts that overcome immunity. *See Schultea v. Wood*, 47 F.3d 1427, 1430-34 (5th Cir. 1995) (En Banc). "[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). "[T]he complaint must state with factual detail and particularity the basis for the claim which necessarily

includes why [Sergeant Beaumont and Officer Zamora] cannot successfully maintain the defense of immunity." *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994) (emphasis added); *accord Jackson v. Hearne*, 959 F.3d 194, 201 (5th Cir. 2020). "The protection of qualified immunity applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Groh v. Ramirez*, 540 U.S. 551, 567 (2004) (Kennedy, J., dissenting) (quoting *Butz v. Economou*, 438 U.S. 478, 507 (1978)).[25]

23. "To overcome [each individual Defendant's] qualified immunity defense, Plaintiff must allege facts showing that [each Defendant officer] (1) 'violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *See Templeton v. Jarmillo,* 28 F.4th 618, 621 (5th Cir. 2022) (quoting *Ashcroft v. Al-Kidd*, 563 U.S. 731-35 (2011)). "The burden of establishing these factors rests solely on the plaintiff." *Lewis v. Delgado*, 163 F.4th 926, 930 (5th Cir. 2026). "The second question—whether the officer violated clearly established law—is a doozy." *Morrow v. Meachum*, 917 F.3d 870, 874 (5th

[25] The Fifth Circuit has recognized the Texas standard for "[o]fficial immunity in Texas is substantially the same as qualified immunity under federal law." *Perdomo*, 163 F.4th at 926 (quoting *Hart v. O'Brien*, 127 F.3d 424, 450 (5th Cir. 1997)). The Texas Supreme Court has explained, "[t]his standard is analogous to the abuse of discretion utilized by an appellate court when reviewing certain trial rulings: an abuse of discretion is shown only if the trial court could not have reasonably reached the decision in question." *City of San Antonio v. Ytuarte*, 229 S.W.3d 318, 321 (Tex. 2007) (quoting *Lancaster v. Chambers*, 883 S.W.2d 650, 657, n.7 (1994)).

Cir. 2019). "A right is clearly established [only] when it is defined 'with sufficient clarity to enable a reasonable official to assess the lawfulness of his conduct.'" *Templeton*, 28 F.4th at 621 (citing *McClendon v. City of Columbia*, 305 F.3d 314, 331 (5th Cir. 2002)). "Therein lies the rub: To defeat qualified immunity, [Plaintiff] must show that the defendants violated a right that was not just arguable, but "beyond debate." *Rogers v. Hall*, 46 F.4th 308, 314 (5th Cir. 2022) (citing *Plumhoff v. Rickard*, 572 U.S. 765, 779 (2014).

### A. Plaintiff has not alleged facts which state any claim against Officer Zamora that overcomes immunity.

24. Plaintiff has not alleged any fact which shows a plausible claim against Officer Zamora that overcomes qualified immunity under the standards set out in the preceding paragraph. Officer Zamora's alleged conduct was not clearly unlawful, beyond debate. See *Rogers*, 46 F.4th at 314; *Backe*, 691 F.3d at 648.

### B. Plaintiff has not alleged facts which state a claim against Sergeant Beaument under the First or Fourteenth Amendment that overcomes immunity.

25. Regardless of whether Sergeant Beaumont's conduct arguably violated the First Amendment, he is nonetheless immune because an objective officer could reasonably believe grounds to arrest Plaintiff existed.[26] *See Reichle v. Howards*, 566 U.S. 658, 662-63 (2012); *Saucier v. Katz*, 533 U.S. 194, 197-209 (2001);

[26] Sergeant Beaumont does not move the Court for dismissal, under the pleadings, of the Fourth Amendment claims asserted against him. Instead, Sergeant Beaumont will defend against those claims on the facts at a later stage of the litigation.

*Hunter v. Bryant*, 502 U.S. 224, 227-228 (1991) (per curiam). Likewise, regardless of whether Sergeant Beaumont's alleged conduct arguably violated the Fourteenth Amendment, he is nonetheless immune because an objective officer could have reasonably believed Sergeant Beaumont's actions did not violate the Fourteenth Amendment. See *Perdomo*, 163 F.4th at 926; *Mendoza*, 989 F.2d at 195.

## V. Plaintiff fails to allege facts showing a municipal liability claim.

26. "While municipalities can be sued directly under §1983, *Monell* [*v. Dep't of Soc. Services of City of New York,* 436 U.S. 658 (1978)] establishes that they cannot be found liable on a theory of vicarious liability or respondeat superior." *Webb v. Town of Saint Joseph*, 925 F.3d 209, 214 (5th Cir. 2019) (cleaned up). "In other words, the unconstitutional conduct must be directly attributable to the municipal through some sort of official action or imprimatur[.]" *Id.* "To establish municipal liability under §1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policy maker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth, Tex.,* 588 F.3d 838, 847 (5th Cir. 2009) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 579(5th Cir. 2001)).

27. Plaintiff fails to allege facts showing an unconstitutional policy perpetuated by the City's policymaker. Even if Plaintiff could establish such a policy, Plaintiff fails to allege facts showing that any such policy was the moving force that directly caused a violation of her rights.

### A. Plaintiff fails to allege facts showing an official policy.

28. Fifth Circuit "caselaw establishes three ways of establishing a municipal policy for the purposes of *Monell* liability." *Webb,* 925 F.3d at 214. "First, plaintiff can show written policy statements, ordinances, or regulations." *Id.* at 214-15. "Second, a plaintiff can show a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Id.* at 215. "Third, even a single decision may constitute municipal policy in rare circumstances when the official or entity possessing final policymaking authority for an action performs the specific act that forms the basis of the §1983 claim." *Id.*

29. The first route that a plaintiff may try to establish an official policy requires a plaintiff to allege facts showing an unconstitutional written policy. *See Verastique v. City of Dallas, Tex.,* 106 F.4th 427, 434-35 (5th Cir. 2024). "For purposes of a *Monell* claim, an official, written policy is facially unconstitutional if it affirmatively allows or compels unconstitutional conduct." *Id.* at 435. Plaintiff highlights the Galveston Police Department's written use-of-force and medical aid policies,[27] but, fails to allege facts showing these policies are unconstitutional.

30. Instead, Plaintiff's allegations are that two officers violated the City's policies, which fails to state a claim against the City.[28] *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 113 (1988); *Turner v. Upton County*, 915 F.2d 133, 136 (5th Cir. 1990); *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989).

---

[27] Doc. 1 at ¶ 70.

[28] ECF No. 1 at ¶¶ 70 – 82.

**1. Plaintiff fails to allege facts showing sufficiently numerous prior instances.**

31. "A pattern is tantamount to official policy when it is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Peterson,* 588 F.3d at 850. "Where [as here,] prior incidents are used to prove a pattern, they must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees." *Id.* In other words, "[a] pattern [] requires sufficiently numerous prior incidents as opposed to isolated instances." *Id.* at 851. And "showing [such] a pervasive pattern is a heavy burden." *Sanchez v. Young Cnty., Tex.,* 956 F.3d 785, 793 (5th Cir. 2020).

32. Here, Plaintiff alleges the City has two separate customs that represent two separate municipal policies. Specifically, Plaintiff alleges the City has (1) a custom of using excessive force against restrained or non-threatening persons ("Policy 1") and (2) a custom of underreporting uses of force ("Policy 2").[29] For Policy 1, Plaintiff cites nine prior alleged instances spanning over *seventeen* years:

| | |
|---|---|
| 1. | The "H20 incident" citing this District's findings in *Backe v. City of Galveston, Tex.*, 2 F. Supp. 3d 988 (S.D. Tex. 2014).[30] |
| 2. | An incident in October of 2013 where Lieutenant Joel Caldwell allegedly used an "unauthorized restraint technique."[31] |

[29] Id at ¶ 83.

[30] Id at ¶ 84.

[31] Id at ¶ 90.

| | |
|---|---|
| 3. | The "Boat ramp incident" citing this District's findings in *Rebmann v. City of_Galveston*, No. 3:24-CV-00155, 2024 WL 4753948 (S.D. Tex. Nov. 12, 2024).[32] |
| 4. | The "Caldwell driveway incident" citing this District's findings in *Rebmann v. City of_Galveston*, No. 3:24-CV-00155, 2024 WL 4753948 (S.D. Tex. Nov. 12, 2024).[33] |
| 5. | An incident in May of 2022 where an officer took [a woman] to the ground."[34] |
| 6. | An incident in July of 2023 citing ongoing litigation in this District: *Bowie v. City of Galveston* et al.[35] |
| 7. | An incident in June of 2024 citing ongoing litigation in this District: *Hardman et al v. City of Galveston* et al.[36] |
| 8. | The "Island Bay Resort" incident.[37] |
| 9. | An incident in June of 2025 involving a "warrant operation." [38] |

33. Notably, "[t]o bolster [her] claims against the City, the [Plaintiff] direct[s] the court's attention to [four cases] contending that [they] provide[] factual support for [her] claim of a pattern or practice of unconstitutional conduct by [the] City[.]" *Powell v. City of Houston,* 2025 WL 1635501 at *5 (S.D. Tex. June 6, 2025) (Rosenthal, J.). Plaintiff, however, "cite[s] no authority for [her] apparent contention that [she] can incorporate the factual basis of [the *Backe* and *Rebmann* district court orders, not] published appellate decision[s] in [her] [] complaint by

[32] Id at ¶ 93.

[33] ECF No. 1 at ¶ 94.

[34] Id at ¶ 97.

[35] Id at ¶ 98.

[36] Id at ¶ 99.

[37] Id at ¶ 100.

[38] ECF No. 1 at ¶ 103.

186009355.2

reference." *Id.* Plaintiff's failure to cite any authority is because "a court cannot take judicial notice of the factual findings of another court." *Taylor v. Charter Med. Corp.,* 162 F.3d 827, 830 (5th Cir. 1998).

34. Regarding *Bowie* and the *ongoing* litigation in *Hardman*, Plaintiff appears to ask this Court to take judicial notice of the alleged facts in those cases' pleadings and to consider them as prior instances of excessive force. Judicial notice reveals that all claims against the City of Galveston have been dismissed in *Bowie*. [ECF 27]. Likewise, in *Argueta v. City of Galveston*, 2022 WL 17549790 (S.D. Tex. 2022)), plaintiffs asserted claims against Galveston based on similar assertions and, after meticulously analyzing the evidence, this Court granted summary judgment in favor of the City of Galveston. *Id*. Plaintiff's rehash of stale allegations do not show a plausible claim against Galveston.

35. And since *Hardman* is ongoing, the allegations are "open to dispute and [are] in fact, disputed by the parties." *Taylor,* 162 F.3d at 830. "Because the factual findings of another court [and the factual allegations in another case] cannot overcome Rule 201's indisputability requirement, [this Court should] decline to take judicial notice of such facts here." *PNC Bank, Nat'l Ass'n v. 2013 Travis Oak Creek, L.P.,* 136 F.4th 568, 575 (5th Cir. 2025).

36. "Moreover, [Plaintiff's] attempt to incorporate pleadings from other cases is procedurally improper." *Lubbe v. Milanovich*, 2019 WL 13460015 at *6 (W.D. Tex. Aug. 30, 2019), report and recommendation adopted, 2019 WL 13460014 (W.D. Tex. Sept. 26, 2019) (citing FED. R. CIV. P. 10); *see Muttathottil v. Gordon H.*

*Mansfield,* 381 Fed. Appx. 454 (5th Cir. 2010) ("[W]hile Rule 10(c) permits references to pleadings and exhibits in the same case … there is no rule permitting the adoption of a cross-claim in a *separate action in a different court by mere reference*."). Thus, the court should also decline to consider the referenced cases in Plaintiff's complaint on this ground as well.

37. If the Court rejects the Plaintiff's incorporation of cases within her complaint, the Plaintiff is left with only *four* alleged prior instances. But even if the Court considers all nine of the Plaintiff's alleged prior instances spanning over *seventeen years*, the Plaintiff's allegations fall well short of the "numerous prior instances" standard required to establish a pattern for *Monell* liability. *See Peterson,* 588 F.3d at 851 & n.4 (finding no pattern from 27 complaints of excessive force over four years); *Pineda v. City of Houston*, 291 F.3d 325 (5th Cir. 2002) (finding no pattern from 11 incidents of warrantless searches); *Armstrong*, 60 F.4th at 277-78 (finding that 9 incidents over a 24 year period were not sufficient to establish a pattern); *Saenz v. City of El Paso*, 637 Fed. Appx. 828, 832 (5th Cir. 2016) (finding that 21 incidents over a 19-year period were not sufficient to establish a pattern).

38. For Policy 2, Plaintiff merely lists four prior instances of "underreporting" or "misreporting" uses of force:

| | |
|---|---|
| 1. | The "H2O incident" citing this District's findings in *Backe v. City of Galveston, Tex.*, 2 F. Supp. 3d 988 (S.D. Tex. 2014).[39] |

[39] Doc. 1 at ¶ 84.

| | |
|---|---|
| 2. | An incident in October of 2013 where Lieutenant Joel Caldwell allegedly used an "unauthorized restraint technique."[40] |
| 3. | The "Boat ramp incident" citing this District's findings in *Rebmann v. City of_Galveston*, No. 3:24-CV-00155, 2024 WL 4753948 (S.D. Tex. Nov. 12, 2024).[41] |
| 4. | The "Caldwell driveway incident" citing this District's findings in *Rebmann v. City of_Galveston*, No. 3:24-CV-00155, 2024 WL 4753948 (S.D. Tex. Nov. 12, 2024).[42] |

39. Again, Plaintiff improperly relies on *Backe* and *Rebmann* to show prior instances. But even putting that legal bar aside, Plaintiff's four prior instances of "underreporting" does not come close to meeting the required numerosity standard. *See York v. Welch,* 2024 WL 775179 at *5 (5th Cir. Feb. 26, 2024) (affirming district court's dismissal under Rule12(c) because thirty complaints of excessive force over a ten-year period were insufficient to allege a custom.). Accordingly, Plaintiff fails to allege facts showing a pattern and thus fails to allege facts showing a custom that fairly represents municipal policy. Therefore, this Court should dismiss Plaintiff's *Monell* claim against the City.

### 2. Plaintiff fails to allege facts showing prior instances that are similar to the one forming the basis of this lawsuit.

40. In addition to sufficiently numerous prior instances, "a pattern requires similarity and specificity[.]" *Peterson,* 588 F.3d at 851. Indeed, "prior indications cannot simply be for any and all bad or unwise acts but rather must point to the

[40] Doc. 1 at ¶ 90.

[41] Doc. 1 at ¶ 93.

[42] Doc. 1 at ¶ 94.

specific violation in question." *Id.* (cleaned up). Plaintiff asserts the City has a custom of using excessive force against restrained or non-threatening persons.[43] "[T]o survive dismissal, plaintiff[] must cite sufficiently numerous prior incidents, *each* of which includes specific facts that are sufficiently similar to those alleged here." *Verastique,* 106 F.4th at 432 (emphasis added). In her complaint, Plaintiff alleged she was arrested without probable cause and Beaumont handcuffed her and drove her face first into a concrete floor and then struck her in the face.[44] So, to survive dismissal, Plaintiff had to cite numerous instances that are factually similar to her allegations to plausibly allege an unconstitutional custom. But nearly all of Plaintiff's cited instances are devoid of factual support, vague, or dissimilar. The City will address both of Plaintiff's alleged City policies and address each of Plaintiff's cited instances in turn.

41. First, Plaintiff's improper citation to *Backe* does not provide the factual basis necessary for Plaintiff to plead an unconstitutional policy or custom. Indeed, Fifth Circuit "cases require that prior acts be fairly similar to what ultimately transpired." *Hicks-Fields v. Harris Cnty., Tex.,* 860 F.3d 803, 810 (5th Cir. 2017). The present case involves two Officers, as opposed to at least twenty in *Backe*. *Backe,* 2 F. Supp. 3d at 990. Moreover, the present case involves one alleged victim,

---

[43] Doc. 1 at ¶ 83.

[44] Doc. 1 at ¶ 2.

as opposed to thirteen in *Backe*. Thus, citing *Backe* does not support Plaintiff's allegation of an unconstitutional custom.

42. Second, Plaintiff relies on her improper citation to *Rebmann*. "But [] assuming that the court could consider the facts contained in the [*Rebmann*] decision, they do not provide a factual basis for the City's pattern or practice of [committing] constitutional violations because the [*Rebmann* court did not find] a pattern or practice in that case." *Powell*, 2025 WL 1635501 at *5; *see Rebmann,* 2024 WL 4753948 at *4. Plaintiff, undoubtedly, noticed this issue and admitted that she is not relying "on *Rebmann* for a *Monell* holding."[45]

43. Third, Plaintiff points to an alleged incident involving Lieutenant Caldwell.[46] Plaintiff alleges Lieutenant Caldwell used an "unauthorized restraint technique" on a public-intoxication arrestee during booking. Plaintiff's allegations are "devoid of factual support but are also inscrutably vague." *Verastique,* 106 F.4th at 432. Was excessive force even alleged? Did probable cause exist for that arrest? Was the arrestee still handcuffed? What constitutes an unauthorized restraint technique? Is it even remotely close to the alleged excessive force here? To reiterate, Fifth Circuit "cases require that the prior acts be fairly similar to what ultimately transpired and, in the case of excessive force, *that the prior act have involved injury to a third party*." *Estate of Davis ex rel. McCully v. City of N. Richland*

[45] Doc. 1 at ¶ 96.

[46] Doc. 1 at ¶ 90.

*Hills,* 406 F.3d 375, 383 (5th Cir. 2005) (emphasis added). Did the "unauthorized technique" produce any injury? "Plaintiff does not say, and we have no clue." *Verastique,* 106 F.4th at 432. (cleaned up).

44. Fourth, Plaintiff points to an incident in which one Ms. Obrien was taken to the ground.[47] Was excessive force even alleged? Was Ms. Obrien in handcuffs when she was taken to the ground? How was she taken to the ground? Did she suffer an injury? "Once again, the complaint does not say, and we are left with nary an answer." *Id.*

45. Next, Plaintiff points to a warrantless entry by multiple officers into a family home where tasers, chemical agents, and pepper ball rounds were used.[48] Plaintiff alleged further that, during the incident, an officer seized a man by his neck. This incident is clearly dissimilar to the one in question as it involved multiple officers and the use of multiple non-lethal weapons whereas here, the alleged excessive force is against one officer, and non-lethal weapons were not used. In other words, the cited incident is not "fairly similar to what ultimately transpired." *Estate of Davis,* 406 F.3d at 383.

46. Moreover, Plaintiff's citation to the warrantless entry incident is "devoid of critical factual enhancements." *Verastique,* 106 F.4th at 432. Did the officers lack probable cause for the entry? Was excessive force ever alleged? Was the man seized

---

[47] Doc. 1 at ¶ 97.

[48] Doc. 1 at ¶ 99

by the neck ever handcuffed? Was he ever injured? Based on these outstanding questions, it is clear that Plaintiff "does not detail the facts surrounding [the warrantless entry] or make any attempt to show the needed similarity and specificity between events." *Benfer v. City of Baytown, Tex.,* 120 F.4th 1272, 1286 (5th Cir. 2024).

47. Plaintiff's sixth prior incident involves Officer Rivas where he allegedly assaulted *multiple* victims and at least fifteen other officers were present.[49] In contrast, the present case involves one alleged victim and two officers and thus this cited incident is "lacking in common characteristics[.]" *See Fuentes v. Nueces Cnty., Tex.,* 689 Fed. Appx. 775, 778-79 (5th Cir. 2017).

48. Finally, Plaintiff highlighted an alleged incident where multiple officers executing a warrant operation "dangerously restrained" a woman.[50] Plaintiff fails to provide any detail as to what "dangerously restrained" means or whether an injury occurred "not to mention [the] stark dissimilarities to what the [Plaintiff] allegedly experienced," *Verastique,* 106 F.4th at 432, as Plaintiff was not subject to a warrant operation executed by multiple officers. Because Plaintiff fails to allege a sufficient number of similar prior incidents to the one alleged here, the Court should dismiss her *Monell* claim against the City.

---

[49] Doc. 1 at ¶ 100.

[50] Doc. 1 at ¶ 100.

### B. Plaintiff fails to allege facts showing an official policy through the rare single-incident scenario.

49. Plaintiff also tries to show an unconstitutional policy through the rare "single incident" scenario. To be sure, "[i]n rare circumstances, a single unconstitutional action may be sufficient to impose municipal liability if undertaken by the municipal official possessing final policymaking authority for the action in question." *Davidson v. City of Stafford, Tex.*, 848 F.3d 384, 395 (5th Cir. 2017) (cleaned up). But "this only occurs in rare circumstances where a policy maker performs the specific act that forms the basis of the § 1983 claim." *Webb*, 925 F.3d at 218 n.51. And here, Plaintiff fails to allege facts showing Chief Balli – *assuming arguendo* he is the final policymaker – "performed [or participated in] the arrest that forms the basis of [Plaintiff's] § 1983 claim." *Davidson*, 848 F.3d at 395.

### C. Plaintiff fails to allege facts showing an official policy under a ratification theory.

50. Fifth Circuit "precedent has limited the theory of ratification to extreme factual situations." *Peterson*, 588 F.3d at 848. Here, Plaintiff "fleetingly argue[s] that [the City] is liable because [Chief Bali] approved [or did not impose enough discipline for] the [allegedly unconstitutional] acts of [other officers] but present[s] no further argument on this point." *Webb*, 925 F.3d at 217 n.48. "This is not enough to demonstrate the sort of extreme factual situation where ratification applies. *Id.* (collecting cases).

### D. Plaintiff fails to allege facts showing a failure to train claim.

51. To establish a failure to train claim Plaintiff must allege facts showing "(1) that the municipality's training procedures were inadequate, (2) that the municipality was deliberately indifferent in adopting its training policy, and (3) that the inadequate training policy directly caused the violations in question." *Zarnow v. City of Wichita Falls Tex.,* 614 F.3d 161, 170 (5th Cir. 2010). First, "[i]n order for 'liability to attach based on an 'inadequate training' claim, a plaintiff must allege with specificity how a particular training program is defective.'" *Id.* "In this inquiry, mere proof that the injury could have been prevented if the officer had received better or additional training cannot, without more, support liability." *Roberts v. City of Shreveport,* 397 F.3d 287, 293 (5th Cir. 2005). At best, Plaintiff merely asserts that the Officers could have done better to follow existing Galveston PD policies regarding the use of force or documentation thereof, and medical-aid obligations, which is not enough to support a failure to train claim. *Id.* at 293.

52. Furthermore, "[a] pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011). As discussed *supra*, Plaintiff failed to plead such a pattern and therefore, Plaintiff failed to allege facts showing the City was on notice of any alleged training deficiencies. And "[w]ithout notice that a course of training is deficient in a

particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id.*[51]

### E. Plaintiff fails to allege facts showing a City Policy that was the moving force which directly caused a deprivation of Plaintiff's rights.

53. "For the 'moving force' element, a plaintiff must 'show[] either that the policy itself was unconstitutional' or that it 'was adopted with deliberate indifference to the known or obvious fact' that a specific constitutional violation would follow. *Liggins v. Duncanville*, 52 F.4th 953, 955 (5th Cir. 2022) (citing *Webb*, 925 F.3d at 219). Plaintiff alleges facts which show neither much less facts which show a "direct causal link between [each alleged governmental] policy and the constitutional deprivation" required for this claim. *Piotrowski*, 237 F.3d at 579.

54. It is crucial the requirements of governmental culpability and governmental causation "not be diluted, for '[w]here a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into *respondeat superior* liability." *Piotrowski*, 237 F.3d at 579 (quoting *Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998)). In addition to failing to plead facts showing deliberate indifference, Plaintiff's claims fail to show a plausible claim under the moving force causation element of the controlling legal test.

[51] Defendants note the single-incident exception for a failure to train claim, but Plaintiff does not allege facts showing the Officers received no training whatsoever, and "the single-incident exception is generally reserved for those cases in which the government actor was provided no training whatsoever." *York v. Welch*, No. 20-40580, 2024 WL 775179 at *5 (5th Cir. Feb. 26, 2024).

55. There is no factual allegation which shows a direct causal connection directly linking any alleged unconstitutional use of excessive force to any City policy. *Compare Piotrowski*, 237 F.3d at 576, 578-81; *Pineda*, 291 F.3d at 334; *Fraire*, 957 F.2d at 1281. Not only has Plaintiff failed to show any unconstitutional policy, but Plaintiff also fails to allege facts showing any policy caused a deprivation of their rights. *See Id.*; *Liggins*, 52 F.4th at 955-57; *James v. Harris County*, 577 F.3d 612, 618-619 (5th Cir. 2009).

## VI. Plaintiff's state law claims fail as a matter of law.

56. Sergeant Beaumont and Officer Zamora are immune from Plaintiff's claims asserted under Texas law. *See* TEX. CIV. PRAC. & REM. CODE § 101.106; *Smith v. Heap*, 31 F.4th 905 (5th Cir. 2022); *Garza v. Harrison*, 574 S.W.3d 389, 394 (Tex. 2019). Texas Civil Practice & Remedies Code Section 101.106 is an immunity statute, *Neuman v. Obersteller*, 960 S.W.2d 621, 623 (Tex. 1997). Sergeant Beaumont and Officer Zamora are immune from such claims by the operation of TEX. CIV. PRAC. & REM. CODE § 101.106(f). [Plaintiff] could, and should, have brought his state law claim under the Texas Tort Claims Act against the City of Galveston. *See* TEX. CIV. PRAC. & REM. CODE §101.106(f); *City of Watauga v. Gordon*, 434 S.W.3d 586, 587-594 (Tex. 2014). [Plaintiff's] state law claims must have been brought under the Texas Tort Claims Act. *See Garza supra*: *Smith supra*; *Franka v. Velasquez*, 332 S.W.3d 367, 381 n. 63 (Tex. 2011); *Donohue v. Dominguez*, 486 S.W.3d 50, 54-55 (Tex. App.—San Antonio 2016, pet. for review denied). Plaintiff's state law claims fail.

CONCLUSION AND PRAYER

57. For these reasons, Defendants move the Court to dismiss, with prejudice, the claims Plaintiff asserts in Counts III, V, VI, VII, and VIII[52] of Plaintiff's complaint, including all claims asserted against Officer Zamora, all claims asserted against the City of Galveston, and all claims asserted against Sergeant Beaumont under the First Amendment, Fourteenth Amendment, and Texas state law.

Respectfully submitted,

*Norman Ray Giles*
William S. Helfand
Attorney-In-Charge
SBOT No. 9388250
S.D. Tex. 8791
Bill.Helfand@lewisbrisbois.com
Norman Ray Giles
SBOT No. 2401408
S.D. Tex. 26966
Norman.Giles@lewisbrisbois.com

OF COUNSEL:

LEWIS BRISBOIS BISGAARD & SMITH, LLP

24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767
(713) 759-6830 (fax)

*Attorneys for Defendants,*
*City of Galveston, Texas,*
*Sergeant Liam Beaumont,*
*and Officer Cesar Zamora*

[52] Plaintiffs identify as a second Count VI their eighth claim category, which are state law claims against the individual defendants.

CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2026, I electronically filed and served the foregoing document using the CM/ECF system.

Courtney A. Vincent
info@vincentlawpllc.com
Vincent Law, PLLC
1035 Dairy Ashford, Suite 145
Houston, Texas 77079
*Lead Counsel for Plaintiff*

Adalberto E. Ruiz
alberto@ruizlawyer.com
Ruiz Law Firm, PLLC
3718 E. Broadway Street
Pearland, Texas 77581
*Co-Counsel for Plaintiff*

*/s/ Norman Ray Giles*
Norman Ray Giles